————o————

No. 5656.

## OCTAVE COURREGE vs. JOHN NEGROTTO, ET AL.

### Syllabus.

Involves only issues of fact.

Appeal from the Civil District Court, for the Parish of Orleans, Division "A," No. 96,438. Hon. T. C. W. Ellis, Judge.

A. M. Buchman, for plaintiff and appellee.

A. J. Rossi, Jno. Wagner, G. B. Smart, attorneys.

C. A. Butler, for defendant and appellant.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

In July, 1910, Courrege entered into a building contract with John Negrotto, contractor, for the construction of a building to be finished within sixty days from the date of the contract.

Among the stipulations of the contract was one that the contractor would pay as liquidated damages two dollars per day for demurrage for failure to finish the work at the time agreed on.

It was further agreed that, in case of unnecessary delay or neglect on the part of the contractor, the owner, upon

— 77 —

giving him three days written notice, should have the right to enter into possession of the building and to complete it at the contractor's expense.

The present appeal is taken by James Demoruelle & Co., sureties on the building contract, from a judgment awarding the plaintiff one hundred and thirty dollars for demurrage, and their contention is that the contractor was not put in default in the manner required by the contract and hence no damages are recoverable. Appellee asks for an increase by answer to the appeal.

On October 10th, 1910, plaintiff wrote a letter of complaint about the delay and notified the parties that the demurrage would be claimed; on October 25th, another letter to the same effect followed.

On November 5th, 1910, Mr. Buchman, plaintiff's attorney, wrote to Demoruelle & Sons that, as it was evident that the work had been abandoned, Courrege would have it finished at their expense and would hold them for the demurrage.

It is admitted that these letters were served on the contractor and it is claimed that they are not sufficient in terms to constitute a putting in default. We think they are, but, assuming the contrary, it is apparent that the course of action of both contractor and suety amounted to a waiver of default.

When Negrotto abandoned the work—within six weeks after it had begun—the surety—whether on his own account or his principal's is immaterial,—undertook its completion. The resulting delay was owing to the surety's misunderstanding with the workmen and to the careless and imperfect manner in which they did the work. No blame is attributable to the plaintiff who kept on relying on the surety's promise constantly repeated from time to time and who was not told to go ahead and do the work himself until early in February.

We are not prepared to allow demurrage from any date earlier than three days after the written notice of November 5th, when Courrege announced his intention to take charge or to any date later than the early part of February, say about ninety days.

Judgment amended by allowing plaintiff $180, for demurrage against the surety and, as amended, it is affirmed at appellant's cost in this Court.

Amended and affirmed.

Opinion and decree, January 27th, 1913.